IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JERMAINE HARRIS, for the Estate of LEE HARRIS, <br><br> Plaintiff, <br><br> v. <br><br> RICHARD ZULEY, JAMES WARD, JOHN McHUGH, WILLIAM CALLAGHAN, THOMAS KEANE, JAMES CRADICK, THOMAS BLOMSTRAND, TERRY O'CONNOR, MICHAEL WICK, WAYNE JOHNSON, ANTHONY VILLARDITA, the CITY OF CHICAGO, COOK COUNTY STATE'S ATTORNEY CHERYL CESARIO, and COOK COUNTY. <br><br> Defendants. | Case No. 23 C 14220 <br><br> Judge Joan H. Lefkow |

## OPINION AND ORDER

Before the court is plaintiff's motion to appoint special representatives for deceased defendants William Callaghan and Thomas Blomstrand. (Dkt. 59.) For the reasons discussed below, the motion is granted.

## BACKGROUND

Plaintiff Jermaine Harris brings this suit on behalf of the Estate of Lee Harris, alleging that, owing to defendants' systemic abuse of Lee's trust and friendship, Lee was incarcerated for 33 years for a crime he did not commit. (Dkt. 1 ¶¶ 1, 3.) The Complaint seeks to hold defendants liable for multiple federal constitutional violations and under several state common-law theories. (*Id.* at 24–36.) Because two of the defendants, William Callaghan and Thomas Blomstrand, are deceased and their estates have been closed, plaintiff moves this court to appoint special

representatives to defend this action on their behalf. (Dkt. 59 at 1–2.) Defendants oppose the motion on the grounds that "the timeline for suing the estates of Callaghan and Blomstrand expired long ago," and the motion must therefore be denied and these defendants dismissed from the case. (Dkt. 64 at 2.)

## ANALYSIS

Federal district courts sitting in Illinois have the power to appoint special administrators after the death of a party. *See Anderson* v. *Romero*, 42 F.3d 1121, 1122–23 (7th Cir. 1994) (recognizing power to appoint representative for deceased plaintiff on appeal under Fed. R. Civ. P. 43(a) and 735 Ill. Comp. Stat. 5/2-1008(b)); *Stewart* v. *Special Adm'r of Estate of Mesrobian*, 559 F. App'x 543, 548 (7th Cir. 2014) (same, generally).

Defendants do not dispute that the court has this power, but they argue that plaintiff missed the opportunity to move for special representatives by failing to do so within time frames established by Illinois law. (Dkt. 64 at 3–9.) Specifically, defendants argue that (1) the claims against Callaghan and Blomstrand are barred by 735 Ill. Comp. Stat. 5/13-209(b)(1) "because more than six months have passed since their deaths" and (2) the claims against Callaghan are barred by 755 Ill. Comp. Stat. 5/18-12(b) "because more than two years have passed since his death." (*Id.* at 3, 7.) Plaintiff sees things differently, arguing that defendants misapply these statutes, as well as relevant case law, to the facts of this case. (Dkt. 59 ¶¶ 9–15.) The court agrees with plaintiff.

Lee Harris was convicted of murder in 1992. (Dkt. 1 ¶ 78.) His conviction and sentence were vacated on March 16, 2023. (*Id.* ¶ 93.) Lee filed this suit on September 28, 2023.[1] While

---

[1] After Lee passed away on or about November 24, 2023 (dkt. 23), his counsel moved to substitute Jermaine Harris, as administrator of Lee's estate, as plaintiff (dkt. 53), and the court granted the motion (dkt. 54).

2

Lee was still incarcerated, now-defendants Callaghan and Blomstrand passed away on January 31, 2011 and April 21, 2022, respectively. (Dkt. 64 at 2.) An estate for Callaghan was opened on August 4, 2011 and closed on January 27, 2012. (*Id.*) By May 23, 2022, an estate had been opened for Blomstrand. (*Id.*) Blomstrand's estate closed at a time not specified by the parties. (*Id.*)

As other courts have recognized, *see, e.g.*, *Ezell* v. *City of Chicago*, No. 18 C 1049, 2020 WL 535130, at *3 (N.D. Ill. Jan. 17, 2020), situations of this kind are governed by Federal Rule of Civil Procedure 17(b) ("Plaintiff and Defendant; Capacity; Public Officers"), which provides, in relevant part, that:

> Capacity to sue or be sued is determined as follows:
>
> (1) for an individual who is not acting in a representative capacity, by the law of the individual's domicile;
>
> (2) for a corporation, by the law under which it was organized; and
>
> (3) for all other parties, by the law of the state where the court is located[.]

Whether the deceased defendants have the capacity to be sued is, therefore, determined by reference to Illinois law, which holds that a "deceased person cannot be a party to a suit because such is a nonexistent entity and the proceedings are void *ab initio*." *Ezell*, 2020 WL 535130, at *3 (quoting *Reed* v. *Long*, 122 Ill. App. 2d 295, 297 (Ill. App. Ct. 1970)). When a putative defendant has passed away before the commencement of an action against him, it is generally "the decedent's estate that should be made defendant." *Id.*

The wrinkle in this case is, of course, that both deceased defendants' estates had closed both before the vacatur of Lee's conviction and sentence and before the initiation of this suit,

3

which was filed within the applicable limitations periods.[2] Indeed, the relevant limitations periods did not begin to run until Lee's conviction and sentence had been vacated on March 16, 2023,[3] which occurred *after* the deceased defendants' estates had closed. These are "exceptional circumstances." *See Ezell*, 2020 WL 535130, at *2 (cleaned up) (calling it "not a routine" case where "an estate has been opened and closed").

As defendants read Illinois law, plaintiff simply has no recourse against the deceased defendants under these circumstances. (Dkt. 64 at 6.) Although defendants recognize that *Heck* v. *Humphrey*, 512 U.S. 477 (1994), barred Lee from bringing suit while he remained incarcerated, they insist that Illinois law likewise bars Lee, or his representative, from bringing suit after he was released from prison. (Dkt. 64 at 3, 7.) In effect, between state and federal law, claims like Lee's against defendants like these would be blocked at every turn.

Both this inequitable result and defendants' position only obtain, however, through an atextual reading of the statutes upon which defendants rely.

## I. 735 Ill. Comp. Stat. 5/13-209(b)

Under 735 Ill. Comp. Stat. 5/13-209(b):

> If a person against whom an action may be brought dies before the expiration of the time limited for the commencement thereof, and the cause of action survives, and is not otherwise barred:

---

[2] With respect to both plaintiff's federal constitutional claims brought under 42 U.S.C. § 1983 and plaintiff's tort claims relying on state common-law theories, Illinois law provides the applicable limitations periods, *see Anderson*, 42 F.3d at 1124, which are two years for the federal claims and one year for the state-law claims, *see Williams* v. *Lampe*, 399 F.3d 867, 870 (7th Cir. 2005) (Section 1983 claims subject to two-year limitations period while Illinois state-law claims subject to one-year limitations period); 735 Ill. Comp. Stat. 5/13-202; 745 Ill. Comp. Stat. 10/8-101(a).

[3] Because plaintiff's claims would have challenged the fact or duration of his confinement, he could not have brought them under Section 1983 until his conviction and sentence were vacated on March 16, 2023. *See Heck* v. *Humphrey*, 512 U.S. 477, 486–87 (1994).

4

> (1) an action may be commenced against his or her personal representative after the expiration of the time limited for the commencement of the action, and within 6 months after the person's death;
>
> (2) if no petition has been filed for letters of office for the deceased's estate, the court, upon the motion of a person entitled to bring an action and after the notice to the party's heirs or legatees as the court directs and without opening an estate, may appoint a special representative for the deceased party for the purposes of defending the action. If a party elects to have a special representative appointed under this paragraph (2), the recovery shall be limited to the proceeds of any liability insurance protecting the estate and shall not bar the estate from enforcing any claims that might have been available to it as counterclaims.

Defendants read Section 209(b)(1) as imposing a six-month deadline on a plaintiff to file suit after the putative defendant's death if "an estate *has been opened*." (Dkt. 64 at 5 (emphasis in original).) While the court finds defendant's reading of Section 209(b)(1) to be accurate, the court also concludes that Section 209(b)(1) is simply inapplicable to the facts of this case.

Section 209(b)(1) is expressly concerned with allowing a plaintiff to bring an action "after the expiration" of the applicable limitations period. In this case, the limitations periods had not yet expired when plaintiff brought suit, so Section 209(b)(1) is simply inapplicable. Put another way, Section 209(b)(1) contemplates the death of a putative defendant *during* the applicable limitations period and allows a plaintiff to bring suit against the decedent's estate *after* the limitations period has run so long as the suit commences within six months of the putative defendant's death. Those circumstances are plainly absent in this case. Here, Callaghan and Blomstrand passed away *before* the limitations periods began to run, and plaintiff brought suit *during* those limitations periods.

The decisions defendants cite to support a contrary result are not in tension with this court's reading of Section 209(b)(1), for none of them addresses the circumstances presented here (*i.e.*, where a putative defendant dies and an estate has opened and closed before the

5

plaintiff's claims accrued). *See Relf* v. *Shatayeva*, 998 N.E.2d 18, 23 (Ill. 2013) (putative defendant died during limitations period such that plaintiff "could have preserved her claims … by bringing the action against the personal representative appointed by the court in the probate proceedings and doing so within six months" of death); *Killian* v. *Concert Health Plan*, 742 F.3d 651, 685 (7th Cir. 2013) (Manion, J., concurring in part) (arguing for application of Illinois Probate Act's two-year limitation period in mootness analysis where plaintiff could have made claim against estate within two years of decedent's death while estate was open); *Sopron* v. *Cassidy*, No. 19 C 08254, 2022 WL 2316204, at *8 (N.D. Ill. June 28, 2022) (estate never opened).

Given Section 209(b)(1)'s express condition that the applicable limitations periods have expired, as well as Section 209(b)(1)'s failure to contemplate the closing of an estate prior to claim accrual, the court sees Section 209(b)(2) as the proper avenue for, and no impediment to, the appointment of a special representative under the circumstances presented in this case.

First, absent from Section 209(b)(2) is Section 209(b)(1)'s requirement that the limitations period have expired. Section 209(b)(2) is, therefore, at least amenable to a plaintiff seeking a special representative during the limitations period.

Second, while it is true that Section 209(b)(2) directs itself toward situations where no estate has been opened, such situations are more analogous to the one presented here, where an estate has been opened and then closed, than are those contemplated by Section 209(b)(1), where an estate has only been opened. Section 209(b)(1) implicitly assumes the existence of an open estate by allowing a plaintiff to commence an action "against [a deceased defendant's] personal representative." In contrast, Section 209(b)(2) implicitly assumes that there is no open estate by allowing the court to appoint a "special representative." *See Lichter* v. *Carroll*, --- N.E.3d ----,

6

2023 IL 128468, at *5 (Ill. 2023) ("It is not in dispute that subsection (b)(2) was enacted to streamline the court process when there is no personal representative in place to defend the lawsuit."). In other words, if there were a *personal* representative positioned to defend the action, there would be no basis for the court to appoint a *special* representative to take on that same defense. *Accord id.* ("issue of appointing a special representative" not present where "a personal representative [is] in place to defend the lawsuit"). When Sections 209(b)(1) and (b)(2) are considered together, it becomes clear that Section 209(b)(2) is the proper avenue for the appointment of a special representative when there is no open estate. This reading is reinforced by the obvious distinction between the two provisions: whereas Section 209(b)(1) empowers a *plaintiff* to sue an estate via the decedent's *personal* representative, Section 209(b)(2) empowers a *court* to appoint a *special* representative in the absence of an estate.

Defendants' assumption that Section 209(b)(2) cannot apply to allow for a court-appointed special representative under the circumstances of this case is not grounded in the case law they cite (dkt. 64 at 4). *See Stewart*, 559 F. App'x at 548–49 (vacating judgment dismissing claims against decedent's estate and remanding where there was insufficient information before court to determine whether "special representative" could be appointed under Section 209(b)(2)); *Sopron*, 2022 WL 2316204, at *8 (estate never opened). Indeed, defendants do not point to any cases where, as here, a putative defendant dies and an estate has opened and closed before the plaintiff's claims accrued. To the contrary, while the Illinois Supreme Court did not address this precise situation in *Lichter*, the Court stated, without reference to the opening or closing of an estate, that Section 209(b)(2) is meant to allow for the appointment of a special representative "when there is no personal representative in place to defend the lawsuit." 2023 IL 128468, at *5.

For these reasons, the court is confident that it has the authority under Illinois law to appoint a special representative to defend this action on behalf of the deceased defendants. Not only does this result flow naturally from the language and structure of Section 209(b), but it also comports with that "settled and invariable principle[] that every right, when withheld, must have a remedy, and every injury its proper redress." *Marbury* v. *Madison*, 5 U.S. 137, 147 (1803). While the Illinois legislature may not have expressly accounted for the situation here when enacting Section 209, the court prefers reading the statutory text in way that might provide such a remedy and avoid "a scenario where a wrongfully convicted individual would be time barred from bringing claims against those responsible before the claims had even begun to accrue." *Weston* v. *City of Chicago*, No. 20 C 6189, 2024 WL 168104, at *3 (N.D. Ill. Jan. 16, 2024).

II.   755 Ill. Comp. Stat. 5/18-12(b)

For similar reasons, the court finds no impediment in 755 Ill. Comp. Stat. 5/18-12(b) either to the appointment of a special representative to defend those claims brought against Callaghan or to this court's jurisdiction over those claims. (*See* dkt. 64 at 7.) Under that statutory provision, "[u]nless sooner barred under subsection (a) of this Section, all claims which could have been barred under this Section are, in any event, barred 2 years after decedent's death, whether or not letters of office are issued upon the estate of the decedent." 755 Ill. Comp. Stat. 5/18-12(b).

Defendants read this provision as barring any claims brought by plaintiff against Callaghan or his estate after January 31, 2013. (Dkt. 64 at 7–8.) Although defendants recognize that such a reading would have required plaintiff to bring suit "more than a decade before this suit was filed" (*id.*), they fail to grapple with the fact their reading would also have compelled plaintiff to bring suit more than a decade before his claims accrued. In other words, Lee's claims

8

against Callaghan would be forever stuck in a legal purgatory created by *Heck*, on the one hand, and Section 18-12(b), on the other.

That defendants' reading of Section 18-12(b) would lead to such an inequitable and unjust result is, they argue, of no moment, for Illinois courts have made clear that "'[n]o exception to the filing period may be engrafted by judicial decision' and 'relief will not be accorded by the application of equitable principles.'" (*Id.* at 8 (quoting *In re Estate of Ito*, 365 N.E.2d 1309, 1311 (Ill. App. Ct. 1977)).

At the threshold, the court notes that *Ito* does not actually say what defendants claim. *Ito* dealt with Section 204 of the Probate Act, not Section 18-12(b), and in that context the court wrote that "[n]o exceptions to *section 204* may be engrafted *upon it* by judicial decision." 365 N.E.2d at 1311 (emphases added). Setting defendants' misquoting aside, *Ito* did not address either Section 18-12(b) or the circumstances presented here.

More important, defendants conveniently excise from the accurately quoted portions of *Ito* language that should defeat their argument: "where a legal claim *should have been, but was not, filed against the estate within the statutory period*, relief will not be accorded by the application of equitable principles." *Id.* (emphasis added). There can be no "should have been" where plaintiff's claims *could not have been* filed against Callaghan's estate.

Finally, even if *Ito* did say what defendants would have it, more recent Illinois Supreme Court case law indicates that equitable principles may inform the analysis under Section 18-12(b). *See Lichter*, 2023 IL 128468, at *6 (rejecting application of Section 209(b)(1)'s six-month requirement to appointment of special representative under Section 209(b)(2) because result "would be nonsensical and unjust"). As *Lichter* noted, Illinois courts "presume that the legislature did not intend absurd, inconvenient, or unjust consequences." *Id.* (citing *Home Star*

9

*Bank & Fin. Servs.* v. *Emergency Care & Health Org., Ltd.*, 6 N.E.3d 128, 135 (Ill. 2014) (explaining Illinois principles of statutory construction)). Such absurd and unjust results would here obtain if the court agreed with defendants that no action could have ever been brought against Callaghan. *Accord Weston*, 2024 WL 168104, at *3 (rejecting application of Section 18-12(b) to bar claims against deceased defendant officer where application would yield "unjust results" and "a perverse outcome where the longer a person was wrongfully incarcerated, the less likely the individual would have the opportunity to seek redress for the wrong").

## **CONCLUSION AND ORDER**

For these reasons, the court grants plaintiff's motion to appoint special representatives for deceased defendants William Callaghan and Thomas Blomstrand. (Dkt. 59.) The parties shall promptly inform the court of the identities of the special representatives to be appointed.

Date: April 23, 2024

_____
U.S. District Judge Joan H. Lefkow