IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JERMAINE HARRIS, as Independent Administrator of the Estate of LEE HARRIS, | ) ) ) | Case No. 1:23-cv-14220 |
| *Plaintiff*, | ) ) ) | Judge Joan H. Lefkow |
| v. | ) ) ) | |
| RICHARD ZULEY, et al. | ) ) ) | |
| *Defendants*. | ) | |

## PLAINTIFF'S MOTION FOR A SETTLEMENT CONFERENCE

Plaintiff, Jermaine Harris, on behalf of the Estate of Lee Harris, and represented by his counsel, Loevy & Loevy, brings this motion for a settlement conference. In support, Plaintiff states as follows.

1. Plaintiff brought this lawsuit seeking justice for the thirty years Mr. Lee Harris spent in prison for a crime he did not commit.

2. In Plaintiff's view, there are good reasons to explore settlement in this matter sooner rather than later. That statement is made without intending to convey "weakness" or lack of resolve. Rather, Plaintiff's goal is to try to approach this case differently than all of the other cases Plaintiff's counsel litigates against the City of Chicago.

3. Specifically, discovery and litigation in these cases has all too often taken on a life of its own. Dozens of depositions are taken, numerous motions are filed, and millions of dollars are spent on attorneys' fees. Only then does the City finally become willing to discuss resolution. Cases are then resolved for amounts that could and would have gotten things done

years earlier – saving both sides millions of dollars in attorneys' fees. In our experience, this happens with the City over and over and over again.[1]

3. That has not been a particularly rational approach for all kinds of reasons. Most obviously, it is terribly inefficient to spend millions of dollars on attorneys' fees (for both sides) – money that could be better spent contributing to an earlier resolution. That is particularly true where, as here, there are many witnesses, and dozens of depositions will need to be taken.

4. Moreover, this is also a case where the post-conviction proceedings were litigated aggressively and thoroughly. Both sides are already aware of the lay of the land, and each sides' strengths and weaknesses.

5. Finally, what makes this case somewhat unique is that Mr. Harris has unexpectedly and tragically passed away. The case is now being pursued by his son and family, who are entitled to recover on his behalf, but there are more reasons to resolve this case at an earlier juncture than there would be if the Plaintiff was alive and pursuing justice.

6. Perhaps for these reasons, this Court has repeatedly advised the parties to consider the possibility of early settlement. Plaintiff took that advice to heart and sent a settlement demand letter to all defense counsel on April 8, 2024, to begin negotiations. Given the foregoing, especially Mr. Harris' death, the amount demanded was significantly less than Plaintiff's counsel typically seeks at jury trials in similar cases.

7. Plaintiff has not yet received any response to his demand. Given the present pattern and practice with Corporation Counsel's office, Plaintiff has no reason to believe the City

---

[1] That exact pattern occurred in *Kluppelberg v. City of Chicago,* 13 C 3963, another case litigated before your Honor between Plaintiff's counsel and the City. After discovery, summary judgment, the FPTO, and motions in limine were all completed (and ruled on by the Court), the case settled on the eve of trial.

will respond at all, and certainly not within any reasonable time period (i.e., before discovery closes).

8. In sum, Plaintiff believes it makes sense to engage in good faith settlement efforts at this time, before substantial resources are spent on protracted litigation, which serves no one—not the Court, not the parties, nor the taxpayers who will have to foot the bill.

Wherefore, for these reasons, Plaintiff respectfully asks this Court to convene a settlement conference.

Respectfully submitted,

**JERMAINE HARRIS**

By: /s/ Jon Loevy
*One of Plaintiff's Attorneys*

Jon Loevy
Jordan Poole
Loevy & Loevy
311 N. Aberdeen St., 3rd Fl.
Chicago, IL 60607
O: 312.243.5900
jon@loevy.com
poole@loevy.com

Elizabeth Wang
Loevy & Loevy
2060 Broadway, Ste. 460
Boulder, CO 80302
O: 720.328.5642
elizabethw@loevy.com

3

## **CERTIFICATE OF SERVICE**

I, Jon Loevy, an attorney, hereby certify that on May 3, 2024, I caused the foregoing motion to be filed using the Court's CM/ECF system, which effected service on all counsel of record.

/s/ Jon Loevy
*One of Plaintiff's Attorneys*